UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**UNITED STATES**,

Plaintiff,

v.

**GENARO ESQUEDA-CERAS, aka
EDUARDO QUINTANA-MARTINEZ**,

Defendant.

Case No. 3:07-cr-00131-KI

ORDER

KING, Judge:

Defendant filed a Motion to Dismiss with Prejudice Due to Inordinate Delay (ECF No. 31) and Motion to Quash Warrant (ECF No. 32) on or about January 13, 2017. The Court denies his motions.

## BACKGROUND

On December 12, 2007, defendant was convicted in this court of illegal reentry (8 U.S.C. § 1326(a) & (b)(2)). ECF No. 24. Defendant was sentenced to 51 months' imprisonment

Page 1 - ORDER

(consecutive to a 14-month sentence for violation of supervised release imposed in *United States v. Martinez-Lopez*, 3:97-cr-00383-1-KI), to be followed by three years of supervised release. *Id.* On or about February 5, 2011, defendant was released from federal custody. *Esqueda-Ceras v. United States Dist. Court for the Dist. of Ariz.*, 3:13-cv-01767-KI, Pet. at 3 (ECF No. 1).

On February 14, 2013, defendant was indicted in the Superior Court of the State of Arizona on charges of possession and transportation of marijuana. Defendant is currently serving a five-year state sentence in Arizona based on these charges. *See* ECF Nos. 26 & 27*; see also Esqueda-Ceras*, 3:13-cv-01767-KI, Pet., Ex. 1 (ECF No. 1).

On March 29, 2013, a federal petition for revocation of supervised release was filed, based on the state conviction and other alleged violations of the terms of his release. On April 1, 2013, this Court issued a warrant against defendant. *See* ECF No. 28. The U.S. Marshal subsequently filed a detainer with the Arizona Department of Corrections based upon the warrant. *See Esqueda-Ceras*, 3:13-cv-01767-KI, Pet., Exs. 4 & 6-7 (ECF No. 1). Defendant remains in Arizona state custody.

This Court previously denied defendant's petition for issuance of a writ of habeas corpus *ad prosequendum* seeking his return to this court for resolution of his supervised release violation. *See Esqueda-Ceras*, 3:13-cv-01767-KI, Order (ECF No. 4).

## DISCUSSION

Defendant seeks a hearing, pursuant to Federal Rule of Criminal Procedure 32.1, on the federal petition for revocation of supervised release in an attempt to force any punishment on that violation to run concurrent with the sentence he is currently serving in Arizona. He also moves the Court for an order quashing the warrant.

Defendant is not entitled to the relief he seeks.  Defendant's right to a prompt hearing arises under the Due Process Clause of the Fifth Amendment.  *Morrissey v. Brewer*, 408 U.S. 471, 485, 488 (1972) (parolee entitled to a preliminary hearing "as promptly as convenient after arrest" and to a final revocation proceeding "within a reasonable time after the parolee is taken into custody"); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (requirements for hearing are applicable to probation revocation cases).  The *Morrissey* requirements were incorporated into Federal Rule of Criminal Procedure 32.1.  *See* Fed. R. Crim. P. 32.1 advisory committee's notes (1979).  Rule 32.1 requires an initial appearance without "unnecessary delay," a "prompt" preliminary hearing, and a revocation hearing "within a reasonable time," which is triggered when a person is "held in custody for violating probation or supervised release." Fed. R. Crim. P. 32.1 (a)(1), (b)(1), & (b)(2).

Here, however, defendant is not yet in custody for violating a supervised release condition as he has not been released from state custody.  *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008) (for purposes of assessing reasonableness of delay, the court considered the time between the date defendant would have been released from state custody and the date of his initial appearance on the federal supervised release violation).  Indeed, the Court may await a defendant's release from state custody to adjudicate the violation of defendant's supervised release rather than writ him out of state custody.  *United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001).

Defendant cites *Barker v. Wingo*, 407 U.S. 514 (1972), to urge dismissal of the warrant.  That case, involving the Speedy Trial clause, has been used as an analogy to determine reasonableness of delay in the context of revocation proceedings.  *Santana*, 526 F.3d at 1260-61.

Page 3 - ORDER

The Ninth Circuit, however, recently clarified that the Sixth Amendment's Speedy Trial clause does not apply to proceedings to revoke supervised release. *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014).

In any event, dismissal is not a proper remedy unless there has been unreasonable delay and prejudice. *Santana*, 526 F.3d at 1260. Since defendant has not yet been taken into custody for violating supervised release, defendant has not experienced any delay in the resolution of his supervised release violation.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss with Prejudice Due to Inordinate Delay (31) and Motion to Quash Warrant (32) are denied.

IT IS SO ORDERED.

DATED this   10th   day of February, 2017.

    /s/ Garr M. King
Garr M. King
United States District Judge